### (November 15, 1966)

In the Matter of SUFFOLK COUNTY BAR ASSOCIATION, Petitioner, v. EDWARD LA FRENIERE, Respondent.— This is a proceeding to discipline respondent, an attorney, for professional misconduct. Pursuant to orders of this court, a Justice of the Supreme Court has heard the issues and has filed his report, a copy of which was served on respondent. Petitioner now moves to confirm so much of the report as sustains the charges against respondent, to disaffirm so much thereof as fails to sustain the charges, and to discipline respondent. Respondent, who was admitted to the Bar by this court on February 21, 1934, appeared with counsel upon the hearing, presented proofs, but has submitted no papers in opposition to this motion. There were 13 charges. Charges 2 and 3 in the supplemental petition were abandoned at the hearing. Charge 5 of the original petition was found not proved by the reporting Justice. We concur and this charge is dismissed. The reporting Justice has made findings of guilt with respect to all the remaining charges, except as to charge 1, which he found was not sustained. In our opinion, all said remaining charges, including said charge 1, were fully and completely established. Charge 1 in the original petition was that respondent had received and retained a total of $250 from a client as a fee for proceeding with said client's appeal from a

condemnation award, but that respondent failed to perform the necessary services, with the result that the appeal was dismissed. The reporting Justice concluded that there was not sufficient upon which to find that the charge was sustained. We find that (1) respondent received $150 in 1961 to proceed with the appeal; (2) the appeal was dismissed on January 5, 1962, and, after the dismissal was vacated, was again dismissed on March 5, 1962; (3) nevertheless, on March 7, 1963 respondent received another $100 without any understanding as to the course of action to be taken. In our opinion, the charge was sustained. Charge 2 was that respondent neglected to account to a client for moneys received as the result of litigation and that he failed to deal properly with the Bar Association after complaint was made. With respect to this charge, the reporting Justice found that (1) respondent was retained by the client before June 18, 1960 to collect $9,000 from a third person; (2) the matter was settled and on April 2, 1962 respondent received a check made payable to himself and the client; (3) although the client never signed the settlement check, the check cleared the drawee bank; (4) respondent repeatedly told his client over a period of one year that the matter had not been settled and the money had not been received; (5) on April 7, 1964 the client received a $4,000 check, together with a bill for $2,000 for his fee; and (6) the agreed amount of the fee in the event of settlement without trial was a few hundred dollars. In our opinion, respondent failed properly to account to the client for the moneys received and was untruthful and evasive in the Bar Association's investigation of the matter. Charge 3 is that respondent was retained by a client to proceed with an appeal in a criminal matter and to obtain a certificate of reasonable doubt and was paid $500; that he failed to render the service or to return the fee; that he made misrepresentations to the client about the status of the case; that he attempted to coerce her into withdrawing her complaint to the Bar Association; and that he failed to make answer to the Bar Association in the form requested. In our opinion, the charge was established in all respects. Charge 4 is that respondent received $600 to prosecute a certain criminal appeal, despite the fact that the time to appeal had expired when respondent accepted the fee; that he failed to perform any such services; and that he failed to respond to this court's request for an explanation. The reporting Justice found that, after respondent's client was sentenced as a second felony offender on June 15, 1964 for conspiracy, etc., respondent received $600 to obtain a certificate of reasonable doubt. We find the charge sustained, that respondent performed no services to warrant retention of the $600, and further find that respondent made no explanation to this court, despite request therefor, until three months after the request was made. Charge 6 is that respondent received $1,200 as escrowee on behalf of a client and the client's wife, with instructions that he was to make certain land tax payments for them and to pay the balance to the client's wife; and that he failed to account for the balance. The reporting Justice found respondent guilty of failing to return about $800 and failed to hold the funds in a fiduciary account. We find the charge sustained. Charge 7 is that, because of respondent's neglect in a civil action against a client, a default judgment was entered against the client and a Sheriff procured $489.68 from the client's bank account. The reporting Justice found that the charge was sustained. We concur in that finding. Charge 8 is that respondent received $500 in settlement of his client's personal injury action and had agreed to pay the client's hospital bill, $325.40, out of these moneys and to retain the balance as his fee; and that he failed to pay the hospital bill or to remit any part of the $500 to the client. The reporting Justice found respondent guilty of withholding the money and failure to account for it. We find the charge

sustained. Charge 9 is that respondent was engaged to act as attorney for a decedent's estate; that, because of his neglect to act, an offer to buy one of the estate's assets, a parcel of real property, for $11,000 was withdrawn; that the property was then sold in a mortgage foreclosure action; that respondent himself purchased the property at the sale for $10,250, and then resold it for $11,000; and that respondent failed to account for his profit in the transaction. The reporting Justice found that this charge was adequately established, and specifically that it was improper for respondent to bid in the property himself and to retain the $750 difference for himself. We find the charge sustained. Charge 1 of the supplemental petition is that respondent was retained to institute a malpractice action and was paid $150 as a retainer fee; that he neglected to commence such action, allowing the Statute of Limitations to run and bar such action; and that he failed to report to his client as to any service he had rendered. The reporting Justice found these allegations established, except that, as to respondent's contention that his retention was only to investigate the matter, the report states that respondent "should have been more lucid with" his client as to the scope of the retention. In our opinion, the charge was established in all respects. Charge 4 of the supplemental petition is that respondent was retained to commence an action against the Town of Brookhaven and others and was paid $500 by his client, but, despite repeated requests over a long period of time, failed to report to his client as to his activities on her behalf. The reporting Justice found that respondent's neglect in the matter extended over a period of more than a year and a half and that he finally turned over the file to another attorney. In our opinion, this charge was established. In our opinion, respondent is unfit to continue to be a member of the Bar. The learned Justice's report is confirmed to the extent indicated hereinabove and otherwise disaffirmed; and new findings of fact are made as indicated herein. Respondent is disbarred and his name is ordered removed from the roll of attorneys and counselors at law effective forthwith. Ughetta, Acting P. J., Christ, Rabin and Benjamin, JJ., concur. (Hill, J., not voting).